IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMBROSIO ESPINOZA and<br>HUGO ROMAN BARCENAS,<br>       Plaintiffs, | § | |
| V. | § | CIVIL ACTION NO. 4:17-cv-0867 |
| WHITEROC DRYWALL, LLC,<br>       Defendant. | §<br>§ | JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq.* (1994 ed. and Supp. III) ("FLSA").  This action is brought to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiffs Ambrosio Espinoza and Hugo Roman Barcenas by Defendant Whiteroc Drywall, Inc.

### Parties

1.  Plaintiffs Ambrosio Espinoza ("Espinoza") and Hugo Roman Barcenas ("Barcenas") are former employees of Defendant, as that term is defined by the FLSA, and are represented by the undersigned.  During their employment with the Defendant, the Plaintiffs were, individually, directly engaged in interstate commerce.

2.  Defendant Whiteroc Drywall, LLC ("Whiteroc") is a Texas limited liability company that employed the Plaintiffs.  With respect to Plaintiffs, Whiteroc is subject to the provisions of the FLSA, as it was at all relevant times or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s).  Defendant Whiteroc Drywall, LLC may be served with process through its registered agent David Baker at 9518 Grant Rd., Houston, TX 77070, or wherever he may be found.

**Jurisdiction and Venue**

3. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiffs transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, operating on the interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiffs were individually engaged in commerce and their work was essential to Defendant's business. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiffs transacted business within this judicial district and the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

**Factual Allegations**

4. Ambrosio Espinoza was employed by the Defendant as a helper from July of 2014 until June of 2016. Mr. Espinoza's duties included, but were not limited to, helping out by bringing materials to other crew members, hanging drywall, and general construction work. He regularly worked more than 40 hours a week throughout his employment with Defendant. Espinoza regularly worked in excess of 40 hours in a workweek. In fact, Espinoza regularly

worked 50 hours or more per week. During much of his tenure with Defendant, Espinoza was not paid any overtime premium for hours worked over 40 per workweek.

5. Hugo Roman Barcenas was employed by the Defendant as a carpenter and general construction worker from 2015 until 2016. Mr. Barcenas' duties included, but were not limited to, framing, hanging drywall, hanging plywood, and general construction work. He regularly worked more than 40 hours a week throughout his employment with Defendant. Barcenas regularly worked in excess of 40 hours in a workweek. In fact, Barcenas regularly worked 50 hours or more per week. During much of his tenure with Defendant, Barcenas was not paid any overtime premium for hours worked over 40 per workweek.

6. At all times relevant hereto, the Defendant knew of, approved of, and benefited from Plaintiffs' regular and overtime work. Plaintiffs were not "exempt" employees.

7. Defendant's actions were and are willful and in blatant disregard for Plaintiffs' federally protected rights.

8. Defendant is liable to Plaintiffs under the FLSA for all unpaid overtime compensation and minimum wages for their tenure with Defendant as well for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

## CAUSES OF ACTION

### Violation of the FLSA – Failure to Pay Minimum and/or Overtime Wages Owed

9. Based on the foregoing, Defendant violated the FLSA by failing to properly compensate Plaintiffs for work performed in the employ of the Defendant.

10. Plaintiffs have suffered damages as a direct result of Defendant's illegal actions.

11. Defendant is liable to Plaintiffs for all unpaid minimum wage and/or overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA for work

performed during time worked in excess of 40 hours per work week, for the three-year period preceding the filing of this lawsuit.

## Jury Demand

12. Plaintiffs demand a trial by jury on all claims they have asserted herein.

## Prayer for Relief

WHEREFORE, Plaintiffs demand:

1. Judgment against Defendant for an amount equal to Plaintiffs' unpaid overtime wages at the applicable rates;
2. Judgment against Defendant that their violations of the FLSA were willful;
3. An equal amount to the actual damages as liquidated damages;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. Leave to amend to add claims under applicable state laws; and
7. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR
PLAINTIFFS AMBROSIO ESPINOZA
AND HUGO ROMAN BARCENAS**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY FOR PLAINTIFFS
AMBROSIO ESPINOZA AND
HUGO ROMAN BARCENAS**